UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE DEE TURNER, | No. 2:16-cv-1911 CKD P |
| Plaintiff, | |
| v. | ORDER |
| JOHN REKART, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis and has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Plaintiff has consented to the jurisdiction of a Magistrate Judge to conduct all proceedings in this action.

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

III.  Discussion

A. Allegations

This action proceeds on the complaint filed August 12, 2016.  Plaintiff names three defendants: Rekart, a doctor at California Correctional Health Care Services (CCHCS); unnamed technical staff at CCHCS; and the Chief Executive Officer at Deuel Vocational Institution. Plaintiff alleges that a laptop containing his confidential medical information was stolen from Rekart's vehicle.  Prison officials informed him of this incident in May 2016.  Plaintiff asserts that CCHCS technical staff were negligent for not expunging personal information from the

laptop, and that CCHCS is "not taking responsibility for their employee's actions[.]"  (ECF No. 1 at 5.)

Plaintiff has attached CCHCS officials' June 27, 2016 response to his inmate appeal concerning the lost laptop.  It states in part:

> [W]e cannot be certain of whether or not information was breached or even located on the laptop.  Had there been information on the device, it may have included medical, mental health, and custodial information.  Regardless of the content of the laptop, results of our internal review indicate that no information was likely to have been compromised as the computer was password protected.

(ECF No. 1 at 6.)  On June 30, 2016, defendant CEO Fong reviewed and partially granted plaintiff's second level inmate appeal concerning the loss of his personal data.

Plaintiff alleges that the theft of his private medical information "could compromise the well being, safety, and security" of him and his family.  (ECF No. 1 at 5.)  He claims that his rights under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) were violated, as well as his rights to privacy and confidentiality.  Plaintiff seeks monetary damages.

B. <u>Analysis</u>

First, plaintiff is required to establish standing for each claim he asserts.  <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 352 (2006).  If a plaintiff has no standing, the court has no subject matter jurisdiction.  <u>Nat'l Wildlife Fed'n v. Adams</u>, 629 F.2d 587, 593 n. 11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction.").  There are three requirements that must be met for a plaintiff to have standing: (1) the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is both concrete and particularized and actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992); <u>Wash. Legal Found. v. Legal Found. of Wash.</u>, 271 F.3d 835, 847 (9th Cir. 2001) (en banc).  Here, plaintiff has not shown he has standing to sue because the complaint demonstrates only that the theft of the state's laptop has the potential to injure plaintiff.  Plaintiff alleges no actual misuse of his personal information stemming from the theft.

Second, while HIPAA requires the confidentiality of medical records, "HIPAA itself does not provide for a private right of action." Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action.")).

The Ninth Circuit has held that the constitutional right to informational privacy extends to medical information. Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality."). In this case, however, the disclosure of plaintiff's medical information, and therefore any injury, is entirely speculative. While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted). Plaintiff's allegations of potential future harm do not meet this standard.

Finally, an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). Here, the complaint does not indicate that either Rekart or Fong was personally involved in any constitutional deprivation. Mere negligence is not actionable under § 1983. See Davidson v. Cannon, 474 U.S. 344, 347 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property. In other words, where a government official is merely negligent in

1  causing the injury, no procedure for compensation is constitutionally required.").

2  For these reasons, the complaint fails to state a cognizable claim under § 1983.

IV. <u>No Leave to Amend</u>

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1005-06.

For the reasons set forth above, the complaint does not state a cognizable federal claim. As it appears amendment would be futile, the undersigned will dismiss this action without leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. This action is dismissed without prejudice; and

3. The Clerk of Court shall close this case.

Dated: September 29, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / turn1911.14.new

5